IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

ROSE M. BYRD

                Plaintiff,

                                         Case No. 13-CV-714

vs.

WISCONSIN DEPARTMENT
OF VETERANS AFFAIRS,

                Defendants
_____

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO DENY DEFENDANT'S MOTION TO DISMISS AND DENY SUMMARY JUDGMENT
_____

      Plaintiff, Rose M. Byrd, hereby submits Plaintiff's Memorandum in Opposition to Defenfant's Motion to Dismiss and in Opposition to Summary Judgment.

## FACTS

      The Defendant [Ms. Bensky] has continuously fabricated statements as the grounds upon which she has made to the Court regarding Plaintiff's responses to discovery requests. Those grounds are completely false and have no basis under the FRCP, Rules 26(a)(1)(b).

      It appears that based upon the Defendant's continuous allegations about incomplete discovery, the Defendant expects the Court to overreach existing Rules governing "Initial Disclosures" and the the Scope of Discovery and its limits.

      In accordance with the Court Order issued by Honorable Judge James D. Peterson, the Plaintiff re-sumbitted all responses to Interrogatories and Request for Documents to the Defendant.. Therefore, the Defendant does not have a legitimate argument against the Plaintiff's

1

discovery responses as they are in compliance with the Court's Order and absolutely no grounds to support a motion to dismiss Plaintiff's case.

In fact, based upon Plaintiff's compliance with the Court's Order, it should be apparent to the Court that the Defendant has continuously delayed the discovery process in this case in an attempt to ignore the genuine issues of material fact. Those facts representing employment discrimination by the Defendant in varying degrees under Title VII (Byrd Decl.).

In his opinion to the Court on Writ of Certiorari to the U. S. Court of Appeals for the Sixth Circuit in *Burlington N. & SFR Co. v. White, 547 U.S., 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006),* Justice Breyer's opinion of the Court held that Title VII of the Civil Rights Act of 1964 forbids employment discrimination against "any individual" based on that individual's "race, color, religion, sex, or national origin." Pub. L. 88-352, §704, 78 Stat. 257, as amended, 42 U. S. C. §2000e-2(a).

 A separate section of the Act—its anti-retaliation provision—forbids an employer from "discriminat[ing] against" an employee or job applicant because that individual "opposed any practice" made unlawful by Title VII or "made a charge, testified, assisted, or participated in" a Title VII proceeding or investigation §2000e-3(a)..

## **CONCLUSION**

The Defendant has continuously delayed the discovery process in this case, thereby prejudicing the Plaintiff and alleging that it is the Plaintiff at fault. This certainly not the case. The Defendant's motion to dismiss Plaintiff's case is a bad faith motion.

WHEREFORE, for foregoing reasons, the Court should deny the Defendant;s motion to dismiss and deny the Defendant;s motion for Summary Judgment and allow the Plaintiff to proceed in the discovery phase in this case.

Dated this 17th day of November, 2014

       s /Rose Byrd
       Rose M. Byrd
       Plaintiff,
       P. O. Box 260235
       Madison, Wisconsin 53726
       rmb@uwalumni.com
       608-421-3415