IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROSE M. BYRD,

                Plaintiff,                ORDER

v.

                                              13-cv-714-jdp

WISCONSIN DEPARTMENT OF
VETERANS AFFAIRS,

                Defendant.

---

      The resolution of this case has been impeded by plaintiff Rose Byrd's refusal to participate in discovery. Byrd is now down to her last chance: if she does not comply with this order, which will require her to make full substantive responses to defendant Wisconsin Department of Veterans Affairs's discovery requests by December 3, 2014, I will dismiss her case with prejudice.

      Byrd brought this action against her former employer, DVA, alleging unlawful employment practices under Title VII of the Civil Rights Act of 1964. Although Byrd filed her complaint over a year ago, this case has yet to get off the ground because of her steadfast refusal to participate in discovery, for which she has offered a cascade of reasons, none of which have been adequate. Byrd's refusal led her attorney to withdraw, and finally led DVA to file a motion to compel, which I granted.

      I thought I had been clear during a telephonic hearing on DVA's motion, during which I explained to Byrd why her objections to DVA's discovery requests were overruled. I also ordered Byrd to provide full responses to DVA's discovery requests by November 7. Byrd seemed cooperative at the hearing, and I thought that the case was finally on track and moving forward. But on November 8, Byrd simply doubled down on her objections and did not provide the substantive responses that I had ordered.

DVA has now moved to dismiss this case, Dkt. 39, contending that Byrd's repeated objections have prevented it from preparing a defense. Because Byrd is now proceeding pro se, I extended her a measure of patience and generosity that I would not have extended a represented party. But I cannot completely disregard DVA's rights while hoping to cajole Byrd into meeting her obligations as a plaintiff in a federal lawsuit. I will not dismiss her case outright at this point, but I will give her a final warning: Byrd will have one week to provide full answers to DVA's discovery requests. This is her final chance. If she fails to comply, I will dismiss her case with prejudice.

In brief, this is the problem: Byrd's answers to DVA's interrogatories and requests for documents are inadequate. Byrd initially responded to DVA's discovery requests by objecting on the grounds of overbreadth, undue burden, and irrelevance. Dkt. 32-1. In the hearing on DVA's motion to compel, I walked through each interrogatory and document request and explained to Byrd why DVA was entitled to the information it sought. I further instructed Byrd that her objections were not valid. Following the hearing, I issued a written order that Byrd "provide full responses to defendant's written discovery requests," and gave her two weeks in which to do so. Dkt. 36, at 1.

Byrd provided a second round of responses (a day late, but that is not the problem). Dkt. 38. Instead of addressing the problems with her initial responses, however, Byrd simply expanded on and repeated her earlier objections. She began with three pages of a "preliminary statement" and "general objections," which she "incorporate[d] by reference" into each of her specific responses. The substantive portions of Byrd's second set of responses were no better than her initial ones. For example, DVA asked:

> Interrogatory No. 3: Identify all employers where plaintiff has ever complained internally about any sort of harassment, discrimination, retaliation or hostile work environment complaint

2

> regarding any workplace incident(s) (Include employer name, nature of claim or complaint, approximate date of complaint and the conduct giving rise to the claim or complaint).

Dkt. 38, at 6. Byrd responded:

> Plaintiff objects to Interrogatory No. 3 on the grounds the Interrogatory is too broad, unduly burdensome and does not lead to any discoverable or admissible evidence at trial. Plaintiff further objects to Interrogatory No. 3 on grounds that any former employers or third party entities are not a part of this litigation and/or neither are they relevant to the subject matter in this litigation.

*Id.* For almost all 10 of DVA's interrogatories, Byrd offered similar boilerplate objections. In response to questions asking her to list each time she felt harassed at work, Byrd directed DVA to the complaints she filed with the EEOC, but she qualified her answers by stating that the complaints "do not encompass the innumerable times Plaintiff experienced sexual harassment at Wisconsin Department of Veterans Affairs." *Id.* at 9. Byrd took the same approach to DVA's four document requests, objecting to each on the grounds of relevance and undue burden. For two requests, Byrd referred DVA to her EEOC complaints and supporting documents.

I reiterate: Byrd's discovery responses are unacceptable. Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The information DVA seeks is relevant and production does not place any undue burden on Byrd. At this point, she has not raised any valid objection to DVA's discovery requests. I will give Byrd one final chance to salvage her lawsuit. She may have one week to provide full responses—responses, not objections—to DVA's interrogatories and requests for documents. If she fails to comply, I will dismiss her case with prejudice.

In the interim, the dispositive motion deadline is fast approaching. For now, I will strike that deadline. If Byrd provides adequate discovery responses, DVA may propose a new calendar that will enable the agency to depose Byrd, develop its defense, and prepare a motion. If Byrd again fails to comply with the court's order, the issue will be moot because this case will be over. DVA should advise the court as soon as possible after receiving Byrd's discovery responses, but in no event later than December 5, 2014, what calendar would be appropriate for the submission of dispositive motions.

IT IS ORDERED that defendant Wisconsin Department of Veterans Affairs's motion to dismiss, Dkt. 39, is DENIED without prejudice to defendant renewing its motion. Plaintiff Rose Byrd may have until December 3, 2014, to provide defendant with full responses to its discovery requests. Plaintiff's failure to comply with this order will result in her case being dismissed with prejudice. The deadlines related to dispositive motions are STRICKEN, but for now the trial date and the deadlines for the pre-trial submissions remain intact.

Entered this 25th day of November, 2014.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge