IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROSE M. BYRD,

                Plaintiff,                        ORDER

v.

                                              13-cv-714-jdp

WISCONSIN DEPARTMENT OF
VETERANS AFFAIRS,

                Defendant.

---

    Plaintiff Rose Byrd has moved to amend the briefing schedule for defendant Wisconsin Department of Verterans Affairs's motion for summary judgment and to compel answers to her second set of interrogatories and requests for documents. Plaintiff contends that defendant has wrongfully refused to provide this discovery and that she is therefore unable to timely oppose summary judgment. The court will deny plaintiff's motion in substantial part.

    The discovery requests at issue are plaintiff's second set of interrogatories, Dkt. 64-2, and plaintiff's second request for production of documents, Dkt. 64-3. According to plaintiff's supporting affidavit, she e-mailed both of these requests to defendant's counsel on November 19, 2014. The interrogatories seek information about defendant's hiring practices and appear to relate to plaintiff's unsuccessful attempt to secure employment with defendant.[1] Likewise, the document requests ask defendant to produce any documents that it identifies in its answers to plaintiff's interrogatories. Plaintiff also asks defendant to produce the personnel files for two of its employees: Mark Soleimani, an IT employee; and Paul Anders, a former employee who held plaintiff's position before she did.

---

[1] In December 2012, plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) relating to defendant's failure to hire her in 2011. Dkt. 41-3. That is *not* the operative charge in this case. This case concerns the events described in plaintiff's May 2011 charge to the EEOC. Dkt. 41-1.

Less than a month after receiving these discovery requests, defendant's counsel e-mailed plaintiff and conveyed her opinion that plaintiff's requests "are not related in any way to your claim of hostile work environment harassment. Rather, they appear to relate to a failure to hire situation that happened after the events complained about in the first lawsuit." Dkt. 71-1, at 1. Defendant now opposes plaintiff's motion to compel on the grounds that none of the discovery she seeks relates to the present lawsuit.

Plaintiff has not explained—to defendant or to this court—how the interrogatory answers she seeks to compel are relevant to her claims in this case. Plaintiff's complaint alleges that defendant engaged in quid-pro-quo sexual harassment, hostile work place harassment, and retaliation in the form of termination. Dkt. 1, ¶¶ 28-30. Plaintiff does not allege that defendant refused to hire her; instead, the complaint alleges that one of defendant's employees harassed her and, when she reported it to her supervisors, she was fired. The Federal Rules of Civil Procedure allow broad discovery, but discovery is not unlimited, particularly late in a case. Under Rule 26, plaintiff is entitled only to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." This case is about whether plaintiff was subjected to sexual harassment and whether defendant retaliated against her for complaining about that harassment. Information about defendant's later refusal to hire plaintiff is not relevant to these claims. Thus, the court will not order defendant to answer plaintiff's second set of interrogatories.

Most of plaintiff's document requests seek documents that are tied to her interrogatories, and so they too are not relevant to the issues in this case. But Mr. Soleimani's personnel record could be relevant to plaintiff's claims in this case. Although the complaint does not allege any hostile conduct by Mr. Soleimani, plaintiff's EEOC charge recounts a confrontation with him. Dkt. 41-1, at 5. Plaintiff's charge also states that she alerted her supervisors to this incident but

2

that they took no action to respond to or correct it. *Id.* at 6. Thus, Mr. Soleimani's personnel record may include, or lead to, admissible evidence that is relevant to plaintiff's hostile work environment claim in this case. Defendant raises no other objections to producing these records, and so the court will grant plaintiff's motion to compel production of Mr. Soleimani's personnel file. The same is not true for Mr. Anders's personnel file, however, because neither the EEOC charge nor plaintiff's complaint mentions Mr. Anders, and plaintiff has not explained how these records are relevant to her claims. In fact, plaintiff and Mr. Anders were never employed by defendant at the same time. With the exception of Mr. Soleimani's personnel file, the court will not order defendant to respond to plaintiff's requests for documents.

Finally, plaintiff has moved to extend the deadline for her opposition to defendant's motion for summary judgment. Plaintiff asserts that defendant's refusal to comply with her discovery requests had prejudiced her. Dkt. 64-1, ¶ 8. But plaintiff does not explain how she has suffered prejudice from any delayed access to Mr. Soleimani's personnel file (the only additional discovery to which she is entitled at this point). Indeed, a cursory review of defendant's motion for summary judgment reveals that this case will turn on: (1) whether Roger Boeker offered plaintiff job benefits in exchange for sexual favors or threatened adverse employment action for her refusal to reciprocate his advances; (2) whether the conduct alleged in this case was sufficiently pervasive or severe to alter the conditions of plaintiff's employment; and (3) whether plaintiff ever reported the alleged sexual harassment to her supervisors. *See generally* Dkt. 60. Plaintiff has had adequate time to discover the facts relevant to these issues, and it is not clear that Mr. Soleimani's personnel records will be relevant at summary judgment. Moreover, plaintiff has until February 26, 2015, to oppose defendant's motion. Because the court will order prompt production of the personnel file, plaintiff will still have adequate time to review it and incorporate any relevant information into her opposition.

IT IS ORDERED that:

1. Plaintiff Rose Byrd's motion to compel and to amend the briefing schedule, Dkt. 64, is DENIED in substantial part and GRANTED in part, consistent with this Order.

2. Defendant Department of Veterans Affairs must produce Mark Soleimani's personnel files by February 11, 2015.

3. The briefing schedule for defendant's motion for summary judgment, Dkt. 53, remains in place. Plaintiff's brief in opposition is due February 26, 2015, and defendant's brief in reply is due March 9, 2015.

Entered February 4, 2015.

> BY THE COURT:
>
> /s/
>
> JAMES D. PETERSON
> District Judge