IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROSE M. BYRD,

                Plaintiff,                 ORDER

v.

                                      13-cv-714-jdp

WISCONSIN DEPARTMENT OF
VETERANS AFFAIRS,

                Defendant.

---

On April 7, 2015, I held a telephonic status conference to discuss any issues that the parties anticipated might arise between now and the upcoming deadlines for pretrial submissions. Plaintiff Rose Byrd indicated that she intended to request a new trial calendar, and I invited her to file a motion that provides the necessary substantiation for such a request. I explained, however, that the deadlines initially set in an October 24, 2014, order, Dkt. 36, and confirmed in a December 11, 2014, text order, Dkt. 48, remained in place. Under that schedule, pretrial submissions and motions in limine were due on April 10, 2015. But Byrd did not file any pretrial submissions. Instead, she filed a motion to modify the scheduling order. Dkt. 98-2. She explained that she could not meet the deadline because of medical issues, and she asked to move the trial date back by almost three months. I will deny her request for a new trial date. I will give her a very short extension of time to file her pretrial submissions.

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (internal citation omitted) (explaining that this standard primarily concerns the "diligence of the party seeking amendment"). Here, Byrd contends that a new trial date is necessary "to allow [her] to complete medical treatments and therapies." Dkt. 98-2, at 1. Byrd also states that she has conferred with an attorney who is considering

representing her if the court adjusts the trial date. *Id.* at 2. In support of her motion, Byrd has submitted a note from her doctor that states, in full: "Mrs. Byrd will have very limited use of her right for the rest of the week. It is medically necessary and due to her limitations. I thank you for your consideration."[1] Dkt. 98-1.

Byrd has not shown good cause for moving the trial date, nor does she explain why she waited until 7:00 pm on the day her submissions were due to ask for an extension. Her doctor indicated that Byrd would have limited use of her right hand "for the rest of the week." *Id.* But the note was dated March 9, 2015, and it is now April 2015. Byrd's condition might explain why she required extra time to complete her brief in opposition to defendant Department of Veterans Affairs' motion for summary judgment, *see* Dkt. 84, but it does not explain why she could not complete her pretrial submissions on time, or why she cannot attend trial on May 11. Although I do not take lightly Byrd's assertion that she is receiving ongoing medical treatment for the injuries that she suffered during an assault last year, this court has already warned her that she needs to provide adequate corroboration from her treatment providers when requesting an extension of this magnitude. Dkt. 28. The note from Byrd's doctor is insufficient. This case will proceed to trial on May 11, 2015.

---

[1] From Byrd's filings, I infer that her doctor meant to indicate that Byrd would have limited use of her right hand.

Accordingly, IT IS ORDERED that Byrd's motion to amend the schedule, Dkt. 98, is DENIED. I will give her a short extension of time, to April 17, 2015, to file her pretrial submissions. Defendant will have until April 24, 2015, to submit responses to those submissions.

Entered April 13, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge