IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROSE M. BYRD,

                Plaintiff,                ORDER

v.

                                                       13-cv-714-jdp

WISCONSIN DEPARTMENT OF
VETERANS AFFAIRS,

                Defendant.

---

      Defendant Wisconsin Department of Veterans Affairs (DVA) moved for summary judgment on all three of plaintiff Rose Byrd's Title VII claims in this case. Although I granted DVA summary judgment on Byrd's quid pro quo sexual harassment and retaliation claims, I deferred ruling on the motion as it pertained to Byrd's hostile work environment claim. Dkt. 88. I directed DVA to file a supplemental brief to discuss the import of Byrd's deposition testimony that she copied her supervisor, Chris Schuldes, on an e-mail that she sent to Roger Boeker, who was sexually harassing her. DVA filed a supplemental brief, contending that Byrd's testimony does not change its entitlement to judgment as a matter of law. I disagree, and I will therefore deny the outstanding aspect of DVA's motion for summary judgment.

      I recounted the undisputed facts of this case in an earlier opinion and order on DVA's motion for summary judgment. *Id.* There are no new factual allegations and so I will not repeat that narrative here. But parts of the procedural background of this case are relevant to the unresolved issue in DVA's motion for summary judgment.

      Byrd's complaint alleged that, on one occasion, Boeker asked her to follow him down an office hallway, where he told her how much he liked her perfume. Dkt. 1, ¶¶ 23-25. Following the incident, "Byrd immediately sent an email to Boeker, with copies to Schulde[s] . . . asserting

that Boeker's comments about her perfume were inappropriate." *Id.* ¶ 26. The content of the alleged e-mail has become critical to this case. But the parties have not produced a copy of it.

During discovery, DVA produced the e-mails that Byrd sent and received while she worked at DVA. Dkt. 90, ¶ 4. One such e-mail was a message that Byrd sent to Boeker (and only Boeker) on October 21, 2010. Up until Byrd's deposition, it appeared that the October 21 e-mail was the one to which Byrd referred in paragraph 26 of her complaint. But at her deposition, Byrd stated that this was not the case. Dkt. 49 (Byrd Dep. 28:4-22). She explained that there was another e-mail, on which Schuldes was copied, that specifically described how Boeker led Byrd down a hallway and commented on her perfume. *Id.* (Byrd Dep. 29:7-18).

At the summary judgment stage, I "'may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence; [I] must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party.'" *Orton-Bell v. Indiana*, 759 F.3d 768, 773 (7th Cir. 2014) (quoting *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005)). Here, a reasonable jury could credit Byrd's deposition testimony and find that she e-mailed her supervisor to apprise him of harassment that she suffered at the hands of a co-worker. From this finding, a jury could then conclude that DVA was negligent in failing to respond to or uncover Boeker's harassment.

DVA contends that the limited details that Byrd provided about the content of the missing e-mail confirm that the communication would not have been enough to trigger Schuldes's duty to investigate. According to DVA, even if Byrd's e-mail complained about being lured down a hallway and then forced to endure a comment about the way that she smelled, this behavior would not amount to actionable harassment. The implication is that DVA cannot be negligent for failing to investigate conduct that does not qualify as harassment. But Byrd's e-

mail would have been the second time that she informed Schuldes about a problem with Boeker; the first was when Byrd complained in-person that Boeker was sitting too close to her during training and pressing his arm against hers.[1] Yet there is no evidence in the record that DVA investigated Boeker or that Schuldes otherwise tried to address Byrd's complaints. Thus, a jury could conclude that after receiving two complaints in a relatively short time frame, Schuldes should have at least informally investigated the situation, and that his lack of response was unreasonable. *See Porter v. Erie Foods Int'l, Inc.*, 576 F.3d 629, 637 (7th Cir. 2009) ("[O]ur focus is not whether the perpetrators were punished by the employer, but whether the employer took reasonable steps to prevent future harm."); *Cerros v. Steel Techs., Inc.*, 398 F.3d 944, 954 (7th Cir. 2005) ("[P]rompt investigation of the alleged misconduct [i]s a hallmark of reasonable corrective action."). Byrd has gone beyond the mere allegations in her complaint and adduced evidence to support her hostile work environment claim.

Notwithstanding DVA's argument about the substantive effect of Byrd's deposition testimony, DVA principally contends that Byrd has not adduced *admissible* evidence of the missing e-mail. *See Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 704 (7th Cir. 2009) ("To defeat a summary judgment motion, however, a party may rely only on admissible evidence."). Because the missing e-mail has not been produced (and likely never will be), the only evidence of its content is Byrd's own testimony. DVA contends that under Federal Rule of Evidence 1002, also known as the "best evidence rule," such testimony would be inadmissible at trial.[2]

---

[1] It is not clear which of these events occurred first. But the timeline is not material, it is the cumulative effect of the complaints—both of which were from Byrd and both of which complained about Boeker—that could lead a jury to conclude that DVA was negligent in failing to uncover and remedy Boeker's behavior.

[2] Rule 1002 states that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."

According to DVA, Byrd has failed to support her deposition testimony with evidence of a diligent and unsuccessful search for the missing e-mail, and her recollection of the message's content is therefore inadmissible. *See United States v. McGaughey*, 977 F.2d 1067, 1071 (7th Cir. 1992) ("Of course, before secondary evidence may be used, it must be demonstrated that the original has actually been destroyed. Unless someone testifies that he or she personally destroyed or witnessed the destruction of a document, such proof will ordinarily be circumstantial."). DVA observes that Byrd testified to not having seen the missing e-mail recently, Dkt. 49 (Byrd Dep. 29:2-6), and that Byrd never tried to compel production of the document when it did not turn up in discovery.[3] Given the importance of this document, DVA asserts that Byrd should not be allowed to benefit from the exceptions to Rule 1002. Indeed, DVA has already moved in limine to prevent Byrd from testifying to the content of any document that is not introduced into evidence. Dkt. 93, at 1-2.

As an initial matter, Byrd can testify about the circumstances leading up to her e-mail without implicating the best evidence rule. *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648-49 (7th Cir. 2006) ("If a witness's testimony is based on his first-hand knowledge of an event as opposed to his knowledge of the document . . . then Rule 1002 does not apply."). Byrd can therefore establish *that* she sent the missing e-mail, and a jury could infer *why* she sent it. Moreover, Byrd has not yet addressed DVA's contention that she failed to search for the missing e-mail, although she will have to do so in responding to DVA's motion in limine. Without allowing Byrd to explain the measures that she has taken to locate the missing e-mail, I cannot definitively rule that her testimony regarding its content is inadmissible for lack

---

[3] Byrd requested "all emails, correspondence, memoranda or other documents authored by or provided to Byrd during the course of her employment, including but not limited to all emails she sent to Bertalan or Schuldes." Dkt. 90-1, at 2.

of a diligent search. At summary judgment, Byrd is entitled to all reasonable inferences in her favor because she is the non-movant. She is also entitled to some flexibility with the admissibility requirements of the evidence that she has marshaled in opposition to DVA's motion because she is proceeding pro se. Thus, because the record suggests that the missing e-mail has been lost or destroyed, Byrd's recollection of the message is sufficient to move her case past summary judgment. *See* Fed. R. Evid. 1004(a).

Byrd should be aware, however, that in ruling on DVA's motion in limine, she will no longer be able to rely on the beneficial inferences that I have afforded her. She must describe the efforts that she has taken to locate the missing e-mail—if it ever existed—and she must demonstrate that she did not intentionally lose or destroy the message. In light of Byrd's deposition testimony that she "would have to look to locate that e-mail," Dkt. 49 (Byrd Dep. 29:3-4), I expect Byrd to provide a detailed account of when she last saw the e-mail and what has happened to it since then. If she fails to satisfy the requirements of Rule 1004, I may grant DVA's motion in limine and preclude her from testifying to the content of the missing e-mail.

Accordingly, IT IS ORDERED that defendant Department of Veterans Affairs's motion for summary judgment, Dkt. 53, is DENIED with regard to plaintiff Rose Byrd's hostile work environment claim.

Entered April 16, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge