IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROSE M. BYRD,

                Plaintiff,                                      ORDER

v.

                                                            13-cv-714-jdp

WISCONSIN DEPARTMENT OF
VETERANS AFFAIRS,

                Defendant.

---

The trial in this case is set to begin in one week. But plaintiff Rose Byrd has again moved to adjust the calendar because she has conflicting medical appointments. Dkt. 121-2. Although Byrd's latest request provides more information about her need to reschedule than any of her previous motions did, it is insufficient to justify such a late adjustment to the calendar. I will afford Byrd a very brief window in which to supplement her request before ruling on the motion to amend the trial date.

On April 27, 2015, Byrd attended a medical appointment. Dkt. 121-1, at 5-7. As a result of the appointment, Byrd is now scheduled for a "thoracic and lumbar evaluation on May 8," the date of the Final Pretrial Conference. Dkt. 121, ¶ 18. She also has an appointment on May 11, the first day of trial. Both appointments will be in Florida. In light of these conflicts, Byrd would like to move her trial date back by three months. Dkt. 121-2.

For two reasons, I am disinclined to grant Byrd's request. First, even though Byrd scheduled these appointments last week Monday, she waited until Saturday to inform the court about her conflicts. Second, Byrd has not produced documentation from a medical provider to demonstrate that these appointments are medically necessary, as opposed to elective. Given the proximity of trial, the latter is not a sufficient reason for such extreme last-minute changes. I will

not reschedule the trial simply because it would be convenient for Byrd to attend these appointments; they must be medically necessary.

Byrd may therefore have 48 hours to file a note from her doctor, indicating that her upcoming appointments are medically necessary and cannot be postponed by a week. If Byrd fails to provide adequate documentation, then I will deny her motion to amend and this case will proceed as scheduled. I will entertain a motion from Byrd to appear by phone for the Final Pretrial Conference, but she must be at the courthouse in person for the first day of trial on May 11. If Byrd fails to appear without a compelling reason for doing so, I will dismiss this case with prejudice for failure to prosecute.

Accordingly, IT IS ORDERED that plaintiff Rose Byrd may have until 5:00 p.m. on May 6, 2015, to supplement her motion to amend the trial schedule.

Entered May 4, 2015.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge