IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROSE M. BYRD,

                        Plaintiff,                                    ORDER

    v.

                                                                     13-cv-714-jdp

WISCONSIN DEPARTMENT OF
VETERANS AFFAIRS,

                        Defendant.

---

The court held the Final Pretrial Conference on May 8, 2015. I had rescheduled the conference to 2:00 p.m. to accommodate plaintiff Rose Byrd's medical appointment, and I had permitted her to participate by phone. Because Byrd did not provide the court with her contact number, the clerk's office tried to contact her using the telephone number from her most recent filing. But Byrd did not answer. I waited 15 minutes after the scheduled start time, and then I held the conference in Byrd's absence.

The only substantive issue addressed was defendant Wisconsin Department of Veterans Affairs's motion in limine to preclude Byrd from testifying to the contents of an email in which Byrd complained to her supervisor about sexual harassment by a co-worker. In a filing made before the conference, DVA described and documented its efforts to preserve, identify, and produce all relevant email in this case. Based on DVA's submissions, all evidence of record (including Byrd's deposition testimony and her own evidentiary submissions), and counsel's representations at the conference, I granted DVA's motion in limine to preclude Byrd from testifying about the "missing email." This ruling appeared to dispose of Byrd's hostile work environment claim, her sole remaining claim, and DVA renewed its motion for summary judgment. I provisionally granted DVA's renewed motion for summary judgment, and I will order Byrd to show cause why summary judgment should not be entered in DVA's favor.

I had denied DVA's motion for summary judgment because Byrd had adduced evidence from which a reasonable jury could find that DVA was negligent in failing to discover and remedy the sexual harassment that Byrd allegedly suffered. Byrd's evidence consisted of an oral conversation between her and her supervisor, and a later email from Byrd to the same supervisor. The cumulative effect of these two communications would have enabled a reasonable jury to conclude that Byrd's supervisor was negligent in failing to investigate the alleged harassment.[1] Thus, the email—or Byrd's recollection of it—was critical to Byrd's hostile work environment claim.

Earlier in this case, DVA contended that Byrd could not testify to the contents of the email without introducing it into evidence. Dkt. 89. DVA relied on Federal Rule of Evidence 1002 (also known as the "best evidence rule"), contending that none of the exceptions to the best evidence rule apply in this case. *See* Fed. R. Evid. 1004. I declined to definitively exclude Byrd's testimony without first giving her an opportunity to show that the email had been lost or destroyed through no fault of her own.

Because Byrd is the proponent of this evidence, she must establish its admissibility by demonstrating that the best evidence rule does not preclude her testimony. The most common means of doing so is to present circumstantial evidence of a diligent but unsuccessful search. *See United States v. McGaughey*, 977 F.2d 1067, 1071 (7th Cir. 1992). But at this point, Byrd's only evidence that the email ever existed is her recollection of it. As I discussed during the Final

---

[1] Byrd's in-person discussion with her supervisor was targeted toward a specific problem that she was having during her training, and Byrd suggested a solution to that specific problem. Without more, this conversation would not have been enough to alert Byrd's supervisor to a larger problem of sexual harassment. *See Zimmerman v. Cook Cnty. Sheriff's Dep't*, 96 F.3d 1017, 1019 (7th Cir. 1996) ("[S]he cannot withstand summary judgment without presenting evidence that she gave the employer enough information to make a reasonable employer think there was some probability that she was being sexually harassed.").

Pretrial Conference, DVA has presented evidence of a diligent and effective effort to preserve, identify, and produce all relevant email in this case. Although Byrd's email account was deleted and not preserved because she was a short-term and low-level employee, the inboxes of Boeker, Schuldes, and Bertalan were preserved, and they contained email from Byrd. If Byrd had indeed sent the missing email, it would have been highly likely to have turned up in one or more of these inboxes. I note, too, that Byrd herself preserved and produced relevant email, but she has produced no copy of the missing email. I find, based on the evidence of record, that this email did not exist, despite Byrd's deposition testimony. Thus, Byrd cannot show that the originals of the email have been lost or destroyed. The best evidence rule therefore precludes her from testifying to the contents of the email. Without this email, DVA is entitled to summary judgment on Byrd's hostile work environment claim. This order to show cause gives Byrd one final opportunity to explain why DVA is not entitled to summary judgment.

DVA informed the court that once judgment is entered in its favor, it will seek to have costs taxed against Byrd. An award of costs would typically include the expenses that DVA incurred obtaining deposition transcripts, which DVA reported would likely be several hundred dollars in this case. DVA informed the court that it would be willing to forgo its costs if Byrd agreed to voluntarily dismiss this suit. I will leave it to the parties to discuss the issue further.

Accordingly, plaintiff Rose Byrd IS ORDERED to show cause by May 22, 2015:

1. Why defendant Wisconsin Department of Veterans Affairs is not entitled to summary judgment on plaintiff's hostile work environment claim.

2. Why the court should not dismiss this case for failure to prosecute it because plaintiff failed to appear at the Final Pretrial Conference.

If plaintiff fails to respond, I will enter summary judgment in favor of defendant.

Entered May 11, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

Case: 3:13-cv-00714-jdp   Document #: 140   Filed: 05/11/15   Page 4 of 4