IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROSE M. BYRD,

                Plaintiff,                                      ORDER

    v.

                                                                13-cv-714-jdp

WISCONSIN DEPARTMENT OF
VETERANS AFFAIRS,

                Defendant.

---

Plaintiff Rose Byrd failed to attend the Final Pretrial Conference on May 8, 2015. In an order following the conference, I noted that based on defendant Wisconsin Department of Veterans Affairs's (DVA) submissions and the evidence of record, there was no longer a basis from which a reasonable jury could conclude that DVA failed to discover or correct the alleged harassment in this case. Dkt. 140. I therefore ordered Byrd to show cause why summary judgment should not be granted in DVA's favor on Byrd's hostile work environment claim. *Id.* I also ordered her to show cause why this case should not be dismissed for her failure to prosecute it. *Id.* Byrd has responded to the order, but she does not squarely address either of the two issues that I identified. I will therefore grant DVA's renewed motion for summary judgment. In the alternative, I will dismiss this case with prejudice for Byrd's failure to prosecute it.

Beginning with the merits of the case, Byrd provides an unpersuasive response to why DVA's renewed motion for summary judgment should not be granted. Byrd alleged harassment at the hands of a coworker, not a supervisor. Thus, to succeed on her hostile work environment claim, Byrd must prove a basis for employer liability. *Cerros v. Steel Techs., Inc.*, 398 F.3d 944, 952 (7th Cir. 2005) ("[E]mployers are liable for a coworker's harassment only when they have been negligent either in discovering or remedying the harassment.") (internal citations and quotation marks omitted). But Federal Rule of Evidence 1002 precludes Byrd from testifying to

the contents of a "missing email" that has become critical to this case. *See* Dkt. 140. Without her testimony, Byrd lacks evidence from which a jury could conclude that DVA was negligent in failing to discover or remedy the harassment that she suffered. DVA is therefore entitled to summary judgment.

Byrd's response ignores this issue. She directs me to her brief in opposition to DVA's initial motion for summary judgment. Dkt. 141, at 3 (citing Dkt. 80). But the parties did not discuss the missing email in their initial briefs on DVA's motion, and so Byrd's brief does not support her point. Nor does the rest of Byrd's response support her position. She asserts, for example, that a reasonable jury could equate the sexual harassment that she has alleged in this case with quid pro quo harassment because she was in line to take over her harasser's job upon his retirement. *Id.* at 3-4. Byrd further contends that an email that she sent to her harasser is evidence of the unlawful quid pro quo harassment that she experienced.

Byrd's arguments are beside the point. I granted DVA summary judgment on Byrd's quid pro quo harassment claim. Dkt. 88. It is far too late in the case for Byrd to revive claims that I have already adjudicated, particularly when she proposes to do so with a factual allegation—she was next in line for her harasser's job—that appears for the first time in her response to an order to show cause. Moreover, Byrd's response does not explain how there is still a basis for holding DVA liable for the alleged harassment now that she is precluded from testifying to the contents of the missing email. Byrd's correspondence with the harasser, her recollection of the harassment, and her anticipated promotion, have nothing to do with whether she gave her supervisor adequate reason to investigate and respond to sexual harassment in the workplace. Byrd therefore cannot establish one of the elements of her hostile work environment claim, and summary judgment is appropriate.

Even if DVA was not entitled to summary judgment, I would still dismiss this case pursuant to Federal Rule of Civil Procedure 16(f), as a sanction for Byrd's failure to appear at the Final Pretrial Conference. True, dismissal with prejudice is the ultimate sanction, "reserved for cases in which the offending party has demonstrated wil[l]fulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). But given the entire procedural history of the case and the futility of lesser sanctions, I conclude that dismissal is warranted. Byrd's response fails to convincingly explain why this sanction is inappropriate.

Byrd "asks the [c]ourt to reconsider her due diligence in prosecuting this case within the contexts of advancing its credibility under Title VII, and keeping the [c]ourt informed of [her] physical complications." Dkt. 141, at 4. But Byrd has not been diligent in prosecuting this case. At the outset, Byrd stalled discovery by refusing to provide acceptable answers to DVA's discovery requests, and since then, she has repeatedly sought extensions for her submissions or filed her materials late without permission. Dkt. 20; Dkt. 64; Dkt. 76 (late brief); Dkt. 77; Dkt. 83 (late brief); Dkt. 113.[1] Byrd has also attempted to move the trial date back on five separate occasions, Dkt. 24; Dkt. 26; Dkt. 98; Dkt. 121; Dkt. 127, but she has consistently given weak reasons for adjusting the calendar. Byrd has represented to the court that she requires medical treatment for injuries that she suffered in April 2014, and that her upcoming appointments fell on key dates in this case. But when I directed her to provide documentation indicating that this treatment was necessary and could not wait until after her trial, Byrd submitted a highly suspect letter, unsigned and not on letterhead, purporting to confirm "that all scheduled appointments and referrals for Ms. Byrd are deemed medically necessary."

---

[1] Case in point: Byrd's response to the order to show cause concludes by stating that "[a] Brief will follow tis [sic] Response to Order." Dkt. 141, at 4. But Byrd filed her response on the day that it was due. Thus, any additional brief would now be untimely.

3

Dkt. 128-1. Even if the letter were authentic, Byrd did not produce documentation indicating that her treatment had to happen on her trial date. And this was not the first time that Byrd submitted inadequate medical documentation to support a motion to amend the schedule. *See, e.g.*, Dkt. 100, at 2 (discussing Dkt. 98). On this record, I conclude that Byrd has not been "diligent" in prosecuting this case.

 Byrd's response to the order to show cause dodges the critical issue: she does not explain why she did not appear at the Final Pretrial Conference. I moved the conference to the afternoon to accommodate Byrd's morning medical appointment, I permitted her to participate by phone, and I waited for 15 minutes after the scheduled start time before proceeding without her. Byrd did not indicate beforehand that she would be unable to attend, and now, two weeks after the fact, she *still* has not explained her absence. Thus, I am left to conclude that Byrd simply chose not to participate in the Final Pretrial Conference. Byrd's absence is a sufficient reason to dismiss her case, with prejudice, for failure to prosecute. *See Lucien v. Breweur*, 9 F.3d 26, 28 (7th Cir. 1993) (affirming district court's dismissal after the plaintiff refused to attend a final pretrial conference); *Dukes v. Cox*, No. 09-cv-1440, 2015 WL 2338664, at *11 (S.D. Ind. May 15, 2015) (dismissing a case with prejudice after the plaintiff failed to appear at a final pretrial conference).

 Finally, although Rule 16(f) authorizes lesser sanctions, none of them would be appropriate here. Since the beginning of this case, Byrd has impeded its speedy resolution. I have afforded her considerable flexibility because she is a pro se litigant, I have twice denied DVA's motion to dismiss for discovery violations, and I have accommodated as many of Byrd's scheduling requests as the trial calendar would allow (sometimes to DVA's disadvantage). Byrd took this case right up to the eve of trial and then tried to postpone it for several months. When that effort failed, Byrd simply refused to participate in the Final Pretrial Conference. She

4

provides no explanation for her absence. Lesser sanctions will not address the prejudice that Byrd has caused to DVA and to its trial preparation.

Whether I grant DVA's renewed motion for summary judgment, or dismiss this case for Byrd's failure to prosecute it, the result is the same: this case will be closed. An adjudication on the merits is preferable, *Long*, 213 F.3d at 986, and so I will enter summary judgment in DVA's favor. But in the alternative, I will dismiss this case with prejudice under Rule 16(f) for Byrd's failure to appear at the Final Pretrial Conference.

Accordingly, IT IS ORDERED that:

1. Defendant Wisconsin Department of Veterans Affairs's renewed motion for summary judgment, *see* Dkt. 138, is GRANTED.

2. In the alternative, this case is dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 16(f), for plaintiff Rose Byrd's failure to appear at the Final Pretrial Conference.

3. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered May 28, 2015.

                                                 BY THE COURT:

                                                 /s/
                                               _____
                                               JAMES D. PETERSON
                                               District Judge